IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DOLORES SHEMES, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES MOVING SERVICE LLC et al., <br><br> Defendants. | Case No. 2:23-cv-02084-HLT-TJJ |

**MEMORANDUM AND ORDER**

Plaintiffs Dolores Shemes and the Estate of Michael Shemes ("Plaintiffs") sue Defendants United States Moving Service LLC ("US Moving") and USA Logistics, Inc. ("USA Logistics") for damages arising from an interstate move of household goods from California to Kansas that Defendants arranged and executed in March 2022. Plaintiffs seek recovery under state contract, tort, and consumer protection theories. Defendants jointly move the Court for either transfer to the Central District of California or dismissal with prejudice.

Both sides underestimate the complexities of the issues raised in this case. Defendants contend transfer is warranted based on a forum-selection clause in an agreement between Plaintiffs and USA Logistics. The forum-selection clause directs Plaintiffs and USA Logistics to litigate in "in the circuit or county court in and for Los Angeles County, California." Defendants do not explain how the clause applies to Plaintiffs' action against US Moving or how it compels transfer to another federal forum. The Court therefore denies Defendants' motion to transfer.

Defendants alternatively move to dismiss based on the preemptive effect of the Carmack Amendment. This argument raises an affirmative defense. Defendants do not show that preemption applies to US Moving based on the face of Plaintiffs' operative complaint. The Court denies

1

Defendants' motion as to US Moving. But the Court grants the motion as to USA Logistics because Plaintiffs' claims against USA Logistics fall within the broad preemptive scope of the amendment. The Court dismisses these claims with prejudice but grants Plaintiffs leave to file an amended complaint for the <u>limited purpose</u> of asserting a claim under the Carmack Amendment against either or both defendants. If Plaintiffs choose to file an amended complaint, they must do so within 10 days.

## I.   BACKGROUND[1]

Plaintiffs Dolores and Michael Shemes moved from California to Kansas in March 2022.[2] Defendants USA Logistics and US Moving were both involved in Defendants' move, albeit in different ways. Plaintiffs contacted US Moving in December 2021 and engaged the company to help them transport their property. Plaintiffs allege US Moving gave them an initial "binding" quote for just under $20,000. Plaintiffs accepted this quote and paid US Moving a $7,000 down payment. Plaintiffs made two additional payments totaling about $7,000 over the next few months. An employee of US Moving then conducted a "video walkthrough" of Plaintiffs' California home a few days before the move and gave them a revised estimate of over $24,000.

US Moving arranged for USA Logistics to execute Plaintiffs' move. Plaintiffs neither communicated with nor signed any written agreements with USA Logistics before the date of the move. Plaintiffs were unaware of USA Logistics's involvement until movers from the company arrived on March 1, 2022, to load their belongings onto a moving van.

---

[1]   This background is derived from the facts in the amended complaint and are assumed true for purposes of the motion to dismiss. Factual discrepancies will be discussed as necessary in the analysis.

[2]   Dolores and Michael were both over 70 years old at the time, and Michael has since died. Dolores is the administrator of his estate.

After moving the contents of their home out to their driveway, USA Logistics demanded Plaintiffs pay it an additional $23,000 before it would load their property onto the van. USA Logistics told Plaintiffs that it would leave the items where they sat unless Plaintiffs paid the additional amount. Plaintiffs paid USA Logistics the additional amount.

USA Logistics extracted an additional "last minute" payment from Plaintiffs before delivery. USA Logistics conditioned the delivery of their household goods to their home in Kansas on receipt of yet another payment—this time for $10,000 in cash payable to USA Logistics's driver. Plaintiffs made the payment because they felt they had no other option.

After the contents of their home had been delivered, Plaintiffs discovered that a substantial amount of it—over $330,000 worth—had either been damaged or lost while in transit from California to Kansas. Plaintiffs alerted Defendants to the damage. USA Logistics then explained that the van carrying Plaintiffs' property had been in an automobile accident.

Plaintiffs sued Defendants about a year later. Plaintiffs assert diversity jurisdiction and bring eight counts alleging various state law claims.

**II.    ANALYSIS**

Defendants jointly move to transfer this case to the United States District Court for the Central District of California under 28 U.S.C. § 1404(a) or alternatively to dismiss with prejudice under Rule 12(b)(6).

**A.    Motion to Transfer.**

Defendants move to transfer this case to the United States District Court for the Central District of California under 28 U.S.C. § 1404(a). They heavily rely on a forum-selection clause in the bill of lading USA Logistics issued to Plaintiffs in connection with the transportation of their property.

In *Atlantic Marine Construction Co. v. United States District Court for the Western District of Texas*, 571 U.S. 49 (2013), the Supreme Court described a framework litigants should use when seeking to enforce contractual forum-selection clauses in federal courts. The Supreme Court explained that a forum-selection clause for a federal forum may generally be enforced by a motion to transfer venue under § 1404(a) when venue in the original federal court is proper under 28 U.S.C. § 1391.[3] *Atl. Marine Constr. Co.*, 571 U.S. at 58-60. The Supreme Court also opined that a forum-selection clause pointing to a state or foreign court is enforced by a motion to dismiss under the doctrine of forum non conveniens. *Id.* at 60-61. Further, the party seeking to enforce a forum-selection clause through transfer or dismissal must establish that the clause covers the claims at issue, *Kelvion, Inc. v. PetroChina Can. Ltd.*, 918 F.3d 1088, 1092-94 (10th Cir. 2019), and is mandatory rather than permissive, *K&V Sci. Co., Inc. v. BMW*, 314 F.3d 494, 499-501 (10th Cir. 2002).

Defendants fail to show that transfer under § 1404(a) is appropriate. First, Defendants have not shown that the forum-selection clause covers Plaintiffs' claims against US Moving. The forum-selection clause in the bill of lading states:

> SECTION 11: AGREED MANDATORY CHOICE OF LAW, VENUE AND JURISDICTION. If a lawsuit becomes necessary to resolve any dispute between <u>USA Logistics and shipper</u>, said suit shall and must only be brought in the circuit or county court in and for Los Angeles County, California. Suits involving dispute[s] over interstate shipments must be limited to the governing federal law. Both parties agree to submit themselves to the jurisdiction of the California[ ] Courts and agree given the relationship to the state, such exercise is reasonable and lawful. Shipper consents to jurisdiction in Los Angeles County, California and hereby waives the right to be served within the state of California.

---

[3]   It added that certain analytical adjustments are required when transfer is premised upon such a clause.

Doc. 25-1 at 2 (emphasis added). The language of the clause arguably covers a lawsuit between USA Logistics and Plaintiffs. But the clause does not mention US Moving. And Defendants do not explain how the language of this forum-selection clause extends to Plaintiffs' claims against that defendant.[4]

In fact, it seems that Plaintiffs and US Moving may have entered a separate contract containing a forum-selection clause pointing to Florida. Doc. 7-1 at 6. The possible existence of a second forum-selection clause may complicate the analysis. None of the parties discuss this complication. The Court therefore does not discuss it except to note that the clause's existence buttresses the Court's conclusion the bill of lading's forum-selection clause does not apply with equal force to US Moving.

Second, Defendants have not shown that the forum-selection clause points to another federal forum such that transfer under § 1404(a) is appropriate. The forum-selection clause in the bill of lading states that "said suit shall and must only be brought in the circuit or county court in and for Los Angeles County, California." Defendants do not explain how this language authorizes suit in the United States District Court for the Central District of California. Seemingly, the clause directs the parties to sue in certain California state courts rather than in another federal court. *See Mozingo v. Trend Personnel Servs.*, 504 Fed. App'x. 753, 758 n.2 (10th Cir. 2012) (explaining that venue is not stated in terms of counties for federal court purposes and "venue is intended to lie only in state district court" when "the language of the clause refers only to a specific county and not to a specific judicial district" (internal quotation and citation omitted)); *Am. Soda, LLP v. U.S. Filter Wastewater Group, Inc.*, 428 F.3d 921, 926 (10th Cir. 2005); *Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318 (10th Cir. 1997). But this Court can't transfer a case to a non-

---

[4]   USA Logistics has not moved to sever the claims against it from the claims against US Moving.

federal forum and would instead need to dismiss it without prejudice for forum non conveniens (relief that Defendants never discuss or request).

Defendants have not shown that § 1404(a) transfer is appropriate for at least these reasons, so the Court denies that aspect of the motion.[5] But there are several issues in addition to those identified above that the parties should consider if they continue to litigate this forum-selection clause. The parties should review *Atlantic Marine* and consider the framework articulated by the Supreme Court for the enforcement of contractual forum-selection clauses. The parties should consider the procedural posture of any motion and the record the Court can analyze in resolving that motion. The parties should consider the law applicable to the issues raised in the motion if that impacts resolution (e.g., federal law, California law, Kansas law, Florida law). The parties should also consider whether the asserted claims are covered by the clause, whether the clause binds a non-signatory, whether the clause is mandatory or permissive, whether Plaintiffs had notice of the forum-selection clause in the bill of lading,[6] whether more than one forum-selection clause is at issue, and the possible need for severance (*see, e.g.*, Doc. 7-1 at 6).[7] The Court notes these issues

---

[5] Defendants heavily rely on the forum-selection clause to support their transfer request. The Court has explained why that clause does not justify the requested relief. Defendants likewise do not show that traditional § 1404(a) factors that usually apply in the absence of a forum-selection clause support transfer. Plaintiffs chose this forum, which is where they reside. Dolores is elderly. A substantial portion of the injury occurred in this forum (the damaged household goods were delivered in Kansas). There are witnesses in both Kansas and California and it appears most of the physical evidence is in Kansas (i.e., the damaged goods).

[6] Plaintiffs provided evidence that they did not receive the second page of the bill of lading, which contains the forum-selection clause. The Court notes that it appears that Dolores's signature is on the bottom of each page except the second page.

[7] There are recent District of Kansas cases discussing these issues. *See, e.g.*, *K.R.W. Const., Inc. v. Stronghold Eng'g. Inc.*, 598 F. Supp. 3d 1129 (D. Kan. 2022).

to highlight that this is not a straightforward issue subject to rote resolution. The parties will likely need to analyze these issues if enforcement of a forum-selection clauses is again before the Court.[8]

**B.     Motion to Dismiss.**

Defendants next move to dismiss Plaintiffs' claims with prejudice under Rule 12(b)(6). The Court is well-versed in the Rule 12(b)(6) standard and the Supreme Court's opinions in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[9]

Defendants initially contend that all claims should be dismissed with prejudice based on the affirmative defense of preemption. An affirmative defense can justify dismissal so long as the applicability of the defense is evident from the face of the complaint. *See, e.g.*, *Bistline v. Parker*, 918 F.3d 849, 876 (10th Cir. 2019) ("[I]t is only proper to dismiss a complaint based on an affirmative defense when the complaint itself admits all the elements of the affirmative defense."). Defendants contend that all of Plaintiffs' claims are preempted by the Carmack Amendment.

The Carmack Amendment was first enacted in 1906 as an amendment to the Interstate Commerce Act. It codifies liability for interstate carriers for goods lost or damaged in interstate transit and has a broad preemptive effect. 49 U.S.C. § 14706(a)(1); *Adams Express Co. v. Croninger*, 226 U.S. 491, 505-06 (1913). The amendment is generally considered to offer the exclusive avenue of recovery for loss or damage to property shipped interstate, and it preempts common-law contract and tort claims between a carrier and a shipper seeking recovery for that

---

[8]    The Carmack Amendment (see *infra*) also contains a special venue provision that none of the parties discuss. *See Smallwood v. Allied Van Lines, Inc.*, 660 F.3d 1115, 1121-22 (9th Cir. 2011) (contractual forum-selection clause preempted by the Carmack Amendment).

[9]    A district court undertaking the Rule 12(b)(6) analysis accepts as true all well-pleaded allegations in the complaint but need not accept legal conclusions. *Iqbal*, 556 U.S. at 678. Likewise, conclusory statements are not entitled to the presumption of truth. *Id.* at 678-79.

loss or damage. *Sec. USA Servs., Inc. v. United Parcel Serv., Inc.*, 371 F. Supp. 3d 966, 971 (D.N.M. 2019). Even so, the statute's preemptive reach is not boundless and does not extend to every conceivable state law claim a shipper may have in connection with an interstate shipment. *Id.* at 971-72. Defendants thus must establish at least two things to prevail on their motion: (1) the Carmack Amendment applies to them, and (2) the asserted claims fall within the statute's preemptive scope.

The Court denies the motion as to US Moving because the face of the operative complaint does not establish that US Moving is a carrier. The Carmack Amendment applies to carriers, which it defines as "a motor carrier, a water carrier, and a freight forwarder."[10] 49 U.S.C. § 13102(3). The amendment does not apply to brokers, which it defines as "a person, other than a motor carrier or an employee or agent of a motor carrier, that as a principal or agent sells, offers for sale, negotiates for, or holds itself out by solicitation, advertisement, or otherwise as selling, providing, or arranging for, transportation by motor carrier for compensation." *Id.* § 13012(2); *see also* 49 C.F.R. § 371.2.

Here, the operative complaint does not conclusively show that US Moving is a carrier. It instead suggests that US Moving is a broker. Plaintiffs' operative complaint indicates that US Moving secured USA Logistics to complete the move and that USA Logistics supplied the work force and moving van to execute the move. The contract between US Moving and Plaintiffs also reinforces the understanding that US Moving is a "broker" and not a "carrier." *See, e.g.*, Doc. 7-1 at 4 (stating that "[t]he customer has hired [US Moving] as a moving coordinator/facilitator/shipping agent/broker" and "[US Moving] is not to handle or otherwise participate in any move as a carrier"); *id.* at 5 ("As a properly licensed interstate moving

---

[10]   The term "motor carrier" is in turn defined as "a person providing motor vehicle transportation for compensation." 49 U.S.C. § 13102(14). And a "freight forwarder" is likewise defined. *Id.* § 13102(8).

coordinator, shipper, agent or broker, [US Moving] is not a motor carrier and will not transport a customer[']s household goods." (emphasis added)).

The Court realizes that the distinction between "carrier" and "broker" is crucial yet often blurry. Factual development might lead to a different conclusion about US Moving's role. But in the current procedural posture Defendants have the burden to show that the grounds for their preemption defense as to US Moving are evident from the face of Plaintiff's operative complaint. They fail to do so. The Court denies the motion to dismiss as to US Moving. [11] *Scott v. Cary*, 829 F. App'x 334, 337 (10th Cir. 2020) (dismissal based on an affirmative defense not warranted where elements of the defense were not evident on the face of plaintiff's complaint).

The Court's analysis yields a different outcome for USA Logistics. The operative complaint demonstrates that USA Logistics is a carrier as defined in the amendment. Plaintiffs allege that USA Logistics packed their property, provided the moving van, loaded the property, transported the property to Kansas, and unloaded it. The question for USA Logistics thus becomes whether the asserted claims fall within the scope of the Carmack Amendment's preemptive reach.

The Court concludes they do. The Carmack Amendment's sweep is broad. But some courts have recognized a small, residual set of state law claims that are not preempted. *Sec. Servs., Inc.*, 371 F. Supp. 3d 966 at 971-72. In the Tenth Circuit, whether a particular state law claim falls within this residual set turns on whether the state claim has the effect of "substantively enlarg[ing] [a] carrier's responsibility for the loss" of property beyond the limitations of liability provided for

---

[11] Defendants also attack the sufficiency of the fraud allegations. But Defendants do not support this argument with citation to relevant legal authority. Defendants instead cite exclusively to California state authority that they contend discusses the pleading standards for fraud claims brought in California state court. But federal law governs this aspect of the motion. *See generally*, *Morse v. Bakken Oil, LLC*, 2016 WL 11384335, at *3 n.1 (D. Colo. 2016) ("In diversity cases . . . state law determines the substantive elements of fraud, but the party asserting fraud must plead those elements with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure."). Because Defendants have only advanced arguments based on inapposite authority, the Court declines to discuss this portion of Defendants' motion in depth. Defendants have not shown dismissal is appropriate under Rule 9 on this record.

by the statute. *A.T. Clayton & Co. v. Mo. Kan. Tex. R. Co.*, 901 F.2d 833, 834-35 (10th Cir. 1990) (holding that the Carmack Amendment did not preempt an Oklahoma state statute providing for attorneys' fees for party who has recovered damages for "the negligent or willful injury to property and any other incidental cost related to such action"). Stated differently, the analytic focus is on the effect the state law claim has on the scope of the carrier's liability for property that has been lost or damaged during an interstate shipment.

The Court agrees with USA Logistics that Plaintiffs' state common law and equitable claims for negligence, breach of contract, and unjust enrichment against USA Logistics are preempted by the Carmack Amendment. These claims concern loss or damage to Plaintiffs' property and rest comfortably within the preemptive scope of the amendment. *Underwriters at Lloyd's of London v. N. Am. Van Lines*, 890 F.2d 1112, 1115-16, 11120-21 (10th Cir. 1989) (negligence claim preempted); *Margetson v. United Van Lines*, 785 F. Supp. 917, 919-920 (D.N.M. 1991) (contract claim preempted); *Pro-Com Prods. v. King's Express LA, Inc.*, 2020 WL 1652277, at *7 (C.D. Cal. 2020) (unjust enrichment claim preempted).

The same can be said of Plaintiffs' state law fraud and consumer protection claims against USA Logistics. These claims are directed at whether USA Logistics ultimately provided transportation services consistent with its representations, and the relief Plaintiffs seek is tied directly to property they allege was either lost or damaged in connection with the move. These claims cannot create an alternative path to recover for the same losses already covered by the Carmack Amendment. The claims are also preempted. *See Pickett v. Graebel Kan. City Movers, Inc.*, 2017 WL 2264451, at *2-3 (D. Kan. 2017) (finding Kansas Consumer Protection Act claim preempted by the Carmack Amendment); *Gummer v. Am. Choice Van Lines, LLC*, 2011 WL 5599854, at *3 (N.D. Cal. 2011) (concluding that plaintiffs' claim for restitution and injunctive

10

relief against shipper under California Consumer Legal Remedies Act was preempted by the Carmack Amendment); *see also Margetson*, 785 F. Supp. at 920-21 (state statutory consumer protection claims preempted by Carmack Amendment); *Shields v. United Van Lines*, 2021 WL 5832984, at *3-4 (D. Conn. 2021) (same).

Plaintiffs seek to avoid this outcome by arguing that the bill of lading USA Logistics issued was secured fraudulently and under duress. Plaintiffs cite no legal authority to support this argument. And existing case law seems to suggest that neither situation undermines the preemptive effect of the Carmack Amendment on these claims. *See Gummer*, 2011 WL 5599854, at *2; *Visram v. Darryl Flood Warehouse & Movers, Inc.,* 2006 WL 305802, at *1 (S.D. Tex. 2006). Instead, the case law indicates that the Carmack Amendment applies whenever the carrier is required to issue a bill of lading irrespective of whether one actually issues.[12] *Kawasaki Kisen Kaisha Ltd.*, 561 U.S. at 102-03 (noting that the statute applies "to [the] transport[ation] of property for which Carmack <u>requires</u> a receiving carrier to issue a bill of lading, <u>regardless of whether that carrier erroneously fails to issue such a bill</u>" (emphases added)). These issues might ultimately be relevant to the available damages (e.g., whether the $0.60/pound/article limit applies), but Plaintiffs have not shown that they are relevant to preemption.

USA Logistics has established that the Carmack Amendment preempts Plaintiffs' negligence, unjust enrichment, fraud, Kansas Consumer Protection Act, and California Consumer Legal Remedies Act claims against USA Logistics. The Court dismisses these claims with prejudice. But the Court grants Plaintiffs leave to file an amended complaint within 10 days for

---

[12] The outcome on this issue remains the same even if Plaintiffs do not confine their argument to the bill of lading. The theory remains faulty because "[t]heories of recovery pertaining to how the agreement to ship was entered into . . . all relate to the contract of shipment." *Visram*, 2006 WL 305802, at *1 (citation omitted) (rejecting argument that fraudulent inducement to enter into transportation agreement would void the agreement and render the Carmack Amendment inapplicable); *see also Gummer*, 2011 WL 5599854, at *2 (same).

the limited purpose of asserting a Carmack Amendment claim against either or both defendants. The Court emphasizes that this leave is limited. It does not extend to adding additional claims or theories.

## III. CONCLUSION

THE COURT THEREFORE ORDERS that Defendants' motion (Doc. 25) is GRANTED IN PART and DENIED IN PART. The Court denies transfer to the United States District Court in the Central District of California. The Court denies US Moving's motion to dismiss. The Court grants USA Logistics's motion to dismiss all claims asserted against it. The Court dismisses Plaintiffs' negligence, unjust enrichment, fraud, Kansas Consumer Protection Act, and California Consumer Legal Remedies Act claims against USA Logistics.

THE COURT FURTHER ORDERS that Plaintiffs are granted leave to file an amended complaint within 10 days for the limited purpose of asserting a Carmack Amendment claim against either or both defendants.

IT IS SO ORDERED.

Dated: October 2, 2023            /s/  *Holly L. Teeter*
                                  HOLLY L. TEETER
                                  UNITED STATES DISTRICT JUDGE